NO. 07-01-0198-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 24, 2001

_____

FRANCAS M DAVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 94-418618; HONORABLE SAM MEDINA, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Francas M. Davila was convicted of the offense of robbery and sentenced to five years confinement in the Institutional Division of the Department of Criminal Justice, probated for three years. On February 1, 2001, the court revoked her community

supervision and sentenced her to four years confinement in the Institutional Division of the Department of Criminal Justice. Appellant has appealed from that judgment.

We have received the reporter's and clerk's records in this matter. However, we have not received a brief from appellant, which was due to be filed on August 1, 2001. By letter dated October 2, 2001, we notified appellant's attorney of record that neither a brief nor a motion for extension of time had been filed and that if a satisfactory response was not received by October 12, 2001, the appeal would be abated to the trial court. We have received no response to that letter. Therefore, we must abate this appeal to the trial court for a hearing as provided by Rule of Appellate Procedure 38.8(b)(2). Accordingly, this appeal is abated and the cause remanded to the 237th District Court of Lubbock County.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned her appeal.

2. Whether her present appellate attorney will diligently pursue the appeal and what steps, if any, should be taken to ensure that diligence.

3. If it be determined that the present attorney will not diligently pursue the appeal, whether appellant is presently indigent, and, if so, whether other counsel should be appointed to represent her.

4. If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

5. If appellant is not indigent and the present attorney will not diligently pursue the appeal, what steps need to be taken to ensure that appellant will promptly obtain the services of another attorney to pursue the appeal.

2

6.  Whether appellant has been deprived of a diligent appeal by ineffective assistance of counsel or for any other reason.

7.  If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

In support of its determinations, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than November 26, 2001.

It is so ordered.

Per Curiam

Do not publish.